T.C. Memo. 2007-96

UNITED STATES TAX COURT

NANCE EVA DEHRING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21152-05L.                Filed April 23, 2007.

Nance Eva Dehring, pro se.

<u>Kaelyn J. Romey</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, <u>Special Trial Judge</u>:   The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (Notice of Determination).   Pursuant to section 6330(d), petitioner seeks review of respondent's proposed levy with respect to her income tax liabilities for 1994, 1995, 1996, and 1997.   The issue

for decision is whether respondent's determination to proceed with collection action should be sustained.

FINDINGS OF FACT

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Lafayette, California.

Petitioner failed to timely file her Federal income tax returns for 1994, 1995, 1996, and 1997. Respondent filed substitutes for returns for each of those years. During the years at issue, petitioner was employed by the County of Contra Costa, California (County). She earned gross income from her employment of $40,317 in 1994, $41,961 in 1995, $46,906 in 1996, and $58,042.16 in 1997.

Collection Activity for Prior Tax Years

Respondent, having previously warned petitioner of impending wage attachments, sent notices of levy to the County with respect to her Federal income taxes for 1990, 1992, and 1993. The notice of levy dated December 15, 1997, was in the amount of $4,605.49 and the notice of levy dated January 15, 1998, was in the amount of $4,639.01.[1] County technicians responsible for tracking garnishments and wage assignments prepared contemporaneous

---

[1]Both notices of levy concerned petitioner's tax liabilities for 1990, 1992, and 1993, but the second notice was for a slightly larger amount due, apparently, to additional interest.

worksheets showing that wages were withheld from petitioner's pay on December 24, 1997, and January 10, 1998, to satisfy the first levy.

County technicians also prepared worksheets showing that wages were withheld from petitioner's pay on February 10 and 25, and March 10, 1998, with reference to the second notice of levy. Petitioner provided the Court with a copy of Form 668-D, Release of Levy/Release of Property from Levy, that informed the County that the levy on wages was being released as of the payment that was withheld on March 10, 1998.

The County initially treated the notices of levy as cumulative rather than treating the second notice as superseding the first. The County worksheets show total net withholdings due to the notices of levy of $4,658.23 (total withholdings of $7,824.30 less "refunds" to petitioner of $1,685.29 on January 9, 1998, and $1,480.78 on March 10, 1998).

Respondent's records show that he applied a total of $4,658.23 in levy proceeds to petitioner's tax liabilities for 1990, 1992, and 1993. Respondent's records also show that petitioner's tax liabilities for 1990, 1992, and 1993 are fully paid, and a zero balance is indicated for each year. According to respondent's records: (1) Levy proceeds of $314 were applied to 1990 on January 21, 1998; (2) levy proceeds of $1,186, and $733.89 were applied to 1992 on January 21 and March 20, 1998;

and (3) levy proceeds of $1,935.23, and $489.11 were applied to 1993 on March 20, 1998.

Assessment Activity for 1994 Through 1997

On November 10, 1998, respondent notified petitioner that there was no record that she had filed Federal income tax returns for the years at issue. Respondent sent to petitioner on April 9, 1999, a notice of deficiency for 1994, 1995, and 1996 and a notice of deficiency for 1997, all by certified mail. The notices of deficiency were addressed to petitioner at P.O. Box 1692, Lafayette, California 94549, the same address that is on the petition in this case.

On September 20, 1999, respondent sent to petitioner two notices requesting payment for taxes for 1994 and 1995. On October 8, 1999, petitioner wrote to respondent to request a hearing to "appeal the examination notices of Sept. 20, 1999, for the years 1994, 1995, 1996 and 1997." Petitioner attached to the letter a copy of a statement of account for each of the years at issue.

Appeals Officer Patricia Fu in a letter dated November 24, 1999, informed petitioner that her case had been assigned to the Appeals Office in San Francisco, California. Petitioner filed a claim for refund of $42,839 of tax for the years at issue. Appeals Officer Fu, after reviewing "IRP" documents, allowed a partial adjustment of $7,858 for previously uncredited

withholding taxes and a reduction to 1994 gross income due to income reported on Form 1099 that belonged to another taxpayer.

Collection Activity for 1994 Through 1997

Respondent sent to petitioner on February 8, 2005, Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to her tax liabilities for 1994 through 1997, which at that date totaled $65,677.82. Petitioner timely filed her Form 12153, Request For a Collection Due Process Hearing. Petitioner claimed in her Form 12153 that she never received a notice of "determination and/or deficiency for 1994, 1995, 1996, 1997" and that she disagreed with the amounts indicated.

On May 23, 2005, the Appeals Office sent to petitioner a letter requesting that she contact the office within 15 days to set a date and time for a hearing. The letter further advised petitioner that if she wanted to offer any collection alternatives, she should complete the enclosed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Petitioner did not submit a Form 433-A.

On June 28, 2005, the Appeals Office sent to petitioner another letter requesting that petitioner contact the office by July 13, 2005, to arrange a convenient date and time for an Appeals Office hearing. Although a conference was later scheduled by petitioner for July 14, 2005, petitioner failed to

attend the scheduled conference.  Petitioner did send to Appeals a letter dated July 14, 2005, in which she apologized for having "missed our appointment for today."

Having received no information from petitioner, respondent issued the Notice of Ddetermination on October 13, 2005.

OPINION

Section 6330

Section 6330 generally provides that the Commissioner cannot proceed with collection by way of a levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing), and, if dissatisfied, the person may obtain judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).  The taxpayer requesting the hearing may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to appropriateness of the collection action, and offers of collection alternatives.  Sec. 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra at 180.

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion.  Sego v.

Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181-182.

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

According to the Appeals officer who considered her case, petitioner advised her in a telephone conversation on July 22, 2005, that she had not been allowed the deductions to which she felt she was entitled. She represented to the Appeals officer that she would prepare returns that would show what she thought were the proper deductions. She was, according to the Appeals officer, given until August 31, 2005, to provide the information but failed to follow through on her representation.

At trial, petitioner introduced evidence that appears to be aimed at showing that her income for 1997 was less than the $58,042.16 that was shown on her Form W-2, Wage and Tax Statement. She concedes that she earned approximately $55,000 for the year but alleges that about $3,000 was levied from her salary in August and December of 1997. Petitioner's position suggests that she believes that her tax liability for 1997 should be less than the amount assessed by respondent because the alleged levies reduced the "income" she received.

The record in this case indicates only one levy on petitioner's salary in 1997, and that was in December, in the amount of $1,186.83. Petitioner, however, must include her wages for 1997 in gross income, including any portion that was withheld and paid directly to the IRS for application against her liability for the years 1990, 1992 and 1993. <u>Old Colony Trust Co. v. Commissioner</u>, 279 U.S. 716, 729 (1929). Although her salary was the subject of a levy, that does not mean the levied amount is excluded from her income for Federal income tax purposes. Contrary to her belief, the levied amount is includable in her gross income.

Both of petitioner's arguments, however, that she is entitled to additional deductions and that her tax is less than that assessed because her salary in 1997 is less than that shown on her Form W-2, are precluded in this action. The parties agree that the statutory notices of deficiency for the years at issue were sent by certified mail to petitioner's then and present address of record with the Internal Revenue Service. Petitioner did not argue or present any evidence at trial that she did not receive the relevant statutory notices of deficiency. Petitioner is therefore precluded from challenging her underlying tax liabilities, and those tax liabilities are not properly at issue here. Sec. 6330(c)(2)(B).

Petitioner also attempted to show at trial that there was an excess amount available from the December 1997 through March 1998 levies for prior periods that should have been applied to the tax periods under consideration here. A comparison of the records of the County, and those of respondent, shows that the amount ultimately withheld from her salary by the County (net of "refunds") was the same amount applied to satisfy her outstanding tax liabilities for 1990, 1992, and 1993. Respondent's records indicate that only the amount necessary to satisfy her liabilities was received and applied. In addition, it seems that petitioner was given proper credit for withholding taxes for the years at issue.

As petitioner failed to raise any other relevant issues, the Court finds that respondent's determination in this case should be sustained.

<u>Decision will be entered for respondent</u>.